<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AAKASH DALAL,<br><br>      Plaintiff,<br><br>v.<br><br>NORTH JERSEY MEDIA GROUP, INC., et al.,<br><br>      Defendants. | Civil Action No. 13-1257 (WJM)<br>Civil Action No. 14-1333 (WJM)<br><br><br>**OPINION** |

**APPEARANCES**:

AAKASH DALAL
Bergen County Jail
160 S. River Street
Hackensack, NJ 07601
Plaintiff *Pro Se*

THOMAS JOSEPH CAFFERTY
JONATHAN DANIEL KLEIN
GIBBONS, P.C.
One Gateway Center
Newark, NJ 07102
Attorneys for Defendants North Jersey Media Group, Inc., Stephen A. Borg

JAMES X. SATTELY
BERGEN COUNTY COUNSEL
1 Bergen County Plaza
Hackensack, NJ 07601
Attorneys for Defendant County of Bergen

BRIAN WILSON
JOHN J. HOFFMAN
P.O. Box 112
Trenton, NJ 08625
Attorneys for Defendants Bergen County Prosecutor's Office, John Molinelli, Martin
Delaney, Robert Anzilotti, James Costello, Michael Guzman, Gerald Almers, Stephen
Cuccinieli, Andre Dimino

**MARTINI, District Judge**:

Aakash Dalal, a New Jersey pretrial detainee who is confined at the Bergen County Jail in New Jersey, filed two paid Complaints asserting various claims under 42 U.S.C. § 1983, arising from his arrest and state criminal prosecution.  Presently before this Court are various motions filed by the parties, including certain Defendants' motions to dismiss, pursuant to Rule 12(b)(6), or to stay the case, Dalal's motion to either consolidate his cases, or to file the complaint filed in Civil Number 14-1333 (WJM) as Plaintiff's second amended complaint in Civil Number 13-1257 (WJM), Dalal's motion to disqualify the attorneys representing the government defendants, and Dalal's motion for the imposition of sanctions.  For the reasons expressed in this Opinion, and pursuant to Federal Rule of Civil Procedure 78, this Court will grant Dalal's motion to file the Complaint docketed in Civil Number 14-1333 (WJM) as a Second Amended Complaint in Civil Number 13-1257 (WJM), dismiss all § 1983 claims in the Second Amended Complaint against Bergen County, grant Defendants' motions to stay Civil Number 13-1257 (WJM) pending the entry of a final judgment in the related state criminal prosecutions against Dalal, and decline to rule on Dalal's remaining motions (motion for sanctions and motion to disqualify the New Jersey Attorney General) until the case recommences.

## I.   BACKGROUND

On about February 26, 2013, Aakash Dalal handed to jail officials for mailing to the Clerk a paid Complaint asserting claims under 42 U.S.C. § 1983, as well as claims arising under New Jersey law, against various defendants, including John Molinelli, the Bergen County Prosecutor; Bergen County; the Bergen County Prosecutor's Office; Assistant Bergen County Prosecutor Martin Delaney; various detectives and police officers; North Jersey Media Group, Inc.; and

2

reporter Kibret Markos.  On about August 13, 2013, Dalal filed a First Amended Complaint, which set forth additional facts.  Dalal's claims arise from his alleged operation of a website concerning government transparency; the warrantless entry, search, and seizure of numerous items from Dalal's New Brunswick apartment on February 9, 2012, which Dalal contends was conducted on the directive of Bergen County Prosecutor Molinelli, without probably cause, without consent, and in the absence of exigent circumstances; Defendants' alleged fabrication of evidence to obtain a search warrant and an arrest warrant; the issuance of the search and seizure warrant on February 24, 2012; the issuance on March 1, 2012, of another search warrant, as well as a warrant for Dalal's arrest on charges of aggravated arson, conspiracy to commit aggravated arson, bias intimidation, and criminal mischief; Dalal's arrest on March 2, 2012, and another search of his apartment on that date; a press conference on March 2, 2012, at which Molinelli is alleged to have made "deliberate falsifications" and "outright lies made with the purpose of generating publicity which would serve to both inflame residents against Plaintiff and garner personal and political attention for Molinelli," (ECF No. 15 at 7-8);[1]  the writing and publication in various newspapers and websites, operated by North Jersey Media, of articles that "baselessly and falsely stated that Plaintiff was the instigator and the 'mastermind' of the January 2012 arson attempts," even though law enforcement officials did not use the word "mastermind," (ECF No. 15

---

[1] For example, Dalal claims that Molinelli falsely stated that Dalal had attempted to commit arson at various synagogues in Bergen County, even though Molinelli knew that Dalal was not in New Jersey at the time of the alleged arson attempts; falsely accused Dalal of being the teacher, instigator, and planner of these alleged arson attempts; presented alleged copies of instant messages, which Molinelli claimed were written by Dalal, but which "cannot be independently located and are not in the possession of any remote service provider or cellular service provider." (ECF No. 15 at 8.)

3

at 9); the allegedly reckless publication of the location of the Dalal family residence, which resulted in threats to the members of Dalal's family and placed them in danger; the publication of false statements, reportedly made by former Lodi High School students who had played with Dalal on the tennis team, accusing him of assaulting a Jewish student, where the article's authors knew the statements were false and they reported the false allegations for the purpose of inciting threats toward Dalal and damaging his reputation.

Dalal further claimed in the First Amended Complaint that, in order to obtain a high bail, Molinelli and Assistant Prosecutor Delaney falsely told reporters that Dalal possessed attack plans in the form of blueprints of an elementary school in Camden County, New Jersey. Dalal asserts that North Jersey Media published these false allegations, even though Defendants knew that the "blueprints in question belonged to Plaintiff's neighbor, Tekton Construction – a construction company contracted by the Camden County school," *id.* at 14; that the Appellate Division twice reversed orders denying Dalal's application for a reduction in bail and twice determined that the bail was excessive; that Molinelli and other defendants allegedly generated the issuance of statements by an alleged jail informant falsely accusing Dalal of planning to murder Assistant Prosecutor Delaney and conspiring to obtain a gun for that purpose; that based on false affidavits signed by defendant Costello, on June 27, 2012, certain Defendants obtained another arrest warrant charging Dalal with conspiracy to commit murder, terroristic threats, and conspiracy to possess a weapon for unlawful purposes; that on June 29, 2012, on orders issued by Molinelli, Delaney and Cucciniello, defendants Anzilotti and Costello interrogated Dalal, despite his request for counsel, attempted to forcibly coerce him into waiving his *Miranda* rights and giving a statement, refused to cease the interrogation or to provide Dalal access to an attorney, even though

Dalal repeatedly requested an attorney; that on June 29, 2012, Molinelli "maliciously and falsely issued statements to reporters with regard to the newly fabricated charges against Plaintiff[, in which] Molinelli falsely claimed that Plaintiff had conspired to obtain a 9 mm handgun, conspired to murder Delaney, and that Plaintiff had conspired to commit arson attacks against local federal buildings – all after posting bail," *id.* at 18.

On about February 25, 2014, Dalal filed a new paid Complaint, which the Clerk docketed on March 3, 2014, in Civil Number 14-1333 (WJM).   In this new Complaint, Dalal repeats the allegations and claims set forth in the First Amended Complaint in Civil No. 13-1257 (WJM), and adds new defendants and related claims.   Like the First Amended Complaint, the new Complaint asserts numerous federal claims, including claims for searches, seizures, and Dalal's arrest, in violation of the Fourth Amendment; claims for illegal interrogation and intimidation of Dalal, contrary to the Fifth Amendment; a retaliation claim asserting that defendants took various adverse actions, such as a coercive interrogation, the fabrication of evidence and the filing of new false charges, in retaliation for Dalal's prevailing twice before the Appellate Division on; a claim for conspiracy to violate Dalal's civil rights; a claim for excessive bail; a claim for violation of privacy under 42 U.S.C. § 2000aa; a claim asserting the deprivation of due process through false prejudicial publicity and harm to reputation; civil RICO claims under 18 U.S.C. § 1964(c); claims for violation of privacy under 42 U.S.C. § 1983; a claim for violation of Stored Communications Act, 18 U.S.C. § 2701; and a claim asserting a conspiracy to intimidate and threaten grand jurors to obtain an indictment on false charges.   Dalal also asserts claims arising under New Jersey law, for defamation, false light invasion of privacy, intentional infliction of emotional distress, gross negligence, invasion of privacy, and violation of New Jersey Wiretapping and Electronic

Surveillance Control Act.   Dalal seeks the same relief in the First Amended Complaint and the new Complaint:   unspecified injunctive and declaratory relief; compensatory and punitive damages; costs, expenses and attorney fees; and such other relief as the Court may deem just, including damages under 18 U.S.C. § 1964(c).

## II.  DISCUSSION

A.     Dalal's Motion to File a Second Amended Complaint

Dalal filed a motion to consolidate his two civil rights cases and to allow him to file a consolidated amended complaint or, alternatively, for leave to file the new Complaint that was docketed in Civil No. 14-1333 as a second amended complaint in the first case, Civil No. 13-1257. (ECF No. 34 in Civil No. 13-1257, and ECF No. 3 in Civil No. 14-1333.)   In his supporting memorandum, Dalal explains that in August 2013, he filed a First Amended Complaint as of right in the initial action, as permitted by Fed. R. Civ. P. 15(a)(1)(B), and in March 2014 he filed the Complaint in Civil Number 14-1333, in order to add numerous additional and supplemental facts that were unknown at the time of the filing of the First Amended Complaint, and to add new claims and new defendants.   Dalal asks this Court to either consolidate the two actions as related for the purpose of administrative efficiency, or to grant Dalal leave to file the new Complaint as a second amended complaint in the first case and to administratively terminate the new case.

The Media Defendants filed a memorandum arguing that the Court should deny Dalal's motion because the claims against the Media Defendants raised in the new Complaint, which, like the claims in the First Amended Complaint, are based on news articles written by Kibret Markos and Monsy Alvarado from March 2, 2012, through June 30, 2012, are barred by the one-year statute of limitations under New Jersey law for defamation, false light invasion of privacy, and

disclosure of private facts invasion of privacy, which expired at the latest on June 30, 2013. Bergen County also filed a brief opposing Dalal's motion.  (ECF No. 36.)   Bergen County argues that this Court should not consolidate the cases or allow Dalal to file the new Complaint as a second amended complaint in Civil No. 13-1257 because the new Complaint, like the First Amended Complaint, does not assert a claim under 42 U.S.C. § 1983 against Bergen County and, even if a claim sere properly asserted against the County, this Court should abstain or stay the action pending the outcome of the criminal proceeding.   The individual government Defendants filed a letter opposing Dalal's motion because his new Complaint in Civil No. 14-1333 is subject to dismissal under *Younger* and, alternatively, "these matters should be stayed pending the outcome of Plaintiff's state criminal prosecutions."   (ECF No. 37 at 3.)

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend his pleading once as a matter of course within 21 days after service of a responsive pleading.   *See* Fed. R. Civ. P. 15(a)(1).   As Dalal filed the First Amended Complaint on August 13, 2013, he may not amend his pleading again as of right.   Rule 15(a)(2) provides that when amendment as a matter of course is not allowed, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that the court "should freely give leave when justice so requires."   Fed. R. Civ. P. 15(a)(2).   Leave to amend should be freely given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment [or] futility of amendment."   *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Yoder v. Wells Fargo Bank, N.A.,* ___ F.App'x ___, 2014 WL 1856724 *3 (3d Cir. May 9, 2014); *Estate of Olivia ex rel. McHugh v. New Jersey,* 604 F.3d 788, 803 (3d Cir. 2010); *Arthur v. Maersk, Inc.,* 434 F.3d 196, 204 (3d Cir. 2006).

The Media Defendants correctly maintain that amendment is futile where the claims in the amended complaint are barred by the statute of limitations.   *See Cowell v. Palmer Twp.,* 263 F.3d 286, 296 (3d Cir. 2001).   However, the Media Defendants neglect to mention Rule 15(c), which provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."   Fed. R. Civ. P. 15(c)(1)(B).   In this case, it appears as if Dalal handed his initial Complaint to jail officials for mailing to the Clerk on February 26, 2013.   (ECF No. 1-1 at 1.)   Under the prisoner mailbox rule, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013), Dalal filed the initial Complaint on that date.   The initial Complaint, like the new Complaint, asserted several claims against the North Jersey Media Group, Inc., and reporter Kibret Markos, arising from articles published by the North Jersey Media Group from March 2, 2012, through June 30, 2012.   (ECF No. 1 at 8-17.) The claims asserted in the initial Complaint against the Media Defendants were timely filed within one year of the date of the first challenged article on March 2, 2012.   Because the new Complaint asserts claims that arose out of the conduct, transaction, or occurrences set out in Dalal's initial Complaint, the claims in the new Complaint relate back to February 26, 2013, under Rule 15(c)(1)(B).   Accordingly, the claims in the new Complaint against the Media Defendants are timely under Rule 15(c)(1)(B).

The Media Defendants also argue that the claims against reporter Monsy Alvarado, who is named for the first time as a defendant in the new Complaint, are time barred.   Again, the Media Defendants neglect to mention Rule 15(c)(1)(C), which provides that, where the amendment changes the party against whom a claim is asserted, an amendment relates back to the date of the

original pleading "if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). This Court has already found that Rule 15(c)(1)(B) is satisfied. Since Monsy Alvarado does not even argue that he was not aware of Dalal's initial Complaint within 120 days of February 26, 2013, that he will be prejudiced in defending on the merits, or that he did not know that Dalal would have named him as defendant in the initial Complaint, but for a mistake concerning his proper identity, this Court cannot find at this juncture that the claims against Alvarado do not relate back under Rule 15(c)(1)(C) as a matter of law.

This Court sees no reason for Dalal to maintain two separate actions where the second action can be properly brought as a second amended complaint in the first action. Nothing suggests that the filing of Dalal's motion to file a second amended complaint was unduly delayed, that it was motivated by bad faith, that it would result in prejudice to defendants, or that the action has no legal merit. This Court will grant Dalal's motion to file the Complaint docketed as ECF No. 1 in Civil Number 14-1333 as a Second Amended Complaint in Civil Number 13-1257, and direct the Clerk to administratively terminate Civil Number 14-1333 and refund to Dalal the $400 filing fee he paid in the new action.

B.    Dismissal of Section 1983 Claims against Bergen County and Prosecutor's Office

The Second Amended Complaint, like Dalal's prior pleadings, sues the Bergen County Prosecutor's Office, as well as Bergen County, for violation of Dalal's constitutional rights under

42 U.S.C. § 1983.   Bergen County filed a motion to dismiss the § 1983 claims against the County on the merits, arguing that Dalal does not state a claim against the County because he does not allege facts showing that a particular policy or custom of Bergen County caused the violation of Dalal's constitutional rights.   (ECF No. 23.)   Relying on *Pembaur v. City of Cincinnati,* 475 U.S. 469 (1986), Dalal argues that he asserts § 1983 claims against Bergen County and the Bergen County Prosecutor's Office because John Molinelli was acting as a policymaker for Bergen County and the Bergen County Prosecutor's Office when Molinelli allegedly violated Dalal's constitutional rights and directed other Defendants to violate Dalal's rights.   (ECF No. 28.)

Dalal is correct that "[t]he Supreme Court's decision in *Pembaur* makes clear that an official with policymaking authority can create official policy, even by rendering a single decision." *McGreevy v. Stroup,* 413 F.3d 359, 367-68 (3d Cir. 2005).[2]   "In order to ascertain if an official has final policy-making authority, and can thus bind the municipality by his conduct, a court must determine (1) whether, as a matter of state law, the official is responsible for making policy *in the particular area* of municipal business in question, and (2) whether the official's authority to make policy in that area is *final and unreviewable.*"   *Hill v. Borough of Kutztown,* 455 F.3d 225, 245 (3d Cir. 2006) (emphasis in original) (citations omitted).

---

[2] *See also Connick v. Thompson,* 131 S.Ct. 1350, 1359 (2011) ("Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."); *Pembaur,* 475 U.S. at 480 ("If the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act of official government 'policy' as that term is commonly understood. More importantly, where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly.") (plurality opinion) (footnote omitted).

Under New Jersey law, the Bergen County Prosecutor's Office does not have a legal existence separate from the Bergen County Prosecutor himself.  *See, e.g*., N.J. Const., art. VII, § 2, ¶ 1 (establishing county prosecutor); N.J. STAT. ANN. § 2A:158-1 *et seq*. (setting forth appointment process, term, powers and duties of the county prosecutor).   Under New Jersey law, "[w]hen county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the State," not the county.   *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996); *accord Woodyard v. County of Essex,* 514 F.App'x 177, 182 (3d Cir. 2013).   Moreover, the State of New Jersey, the entity on whose behalf a county prosecutor acts in his criminal law enforcement capacity, is entitled to absolute immunity from damages under the Eleventh Amendment.  *See Woodyard, supra; Coley v. County of Essex*, 462 F.App'x 157, 161 (3d Cir. 2011); *Beightler v. Office of Essex County Prosecutor*, 342 F.App'x 829 832 (3d Cir. 2009); *see also Hafer v. Melo,* 502 U.S. 21, 26 (1991); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989).

This Court will dismiss the Bergen County Prosecutor's Office as defendant under § 1983 because a prosecutor's office is not an entity subject to suit under § 1983 separate from the Prosecutor himself.   To the extent that it is subject to suit as an entity, a county prosecutor's office is entitled to Eleventh Amendment immunity.   This Court will also dismiss Bergen County as defendant under § 1983.   When John Molinelli engaged in the investigative and other activities which Dalal alleges violated his constitutional rights, Molinelli was acting as a policymaker for the State of New Jersey, which is entitled to Eleventh Amendment immunity.   Because Dalal does not otherwise assert facts showing that a policymaker for Bergen County violated his constitutional rights, his pleadings do not state a cognizable claim under § 1983 against Bergen County.

C.     Motions to Dismiss under *Younger* Abstention

On behalf of the government official Defendants, the Attorney General of New Jersey filed a motion to dismiss Dalal's First Amended Complaint pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), or to stay the case pending a final outcome in the state criminal prosecution against Dalal.[3] (ECF Nos. 20, 22.)   The Media Defendants thereafter filed a letter arguing that, if this Court dismisses the federal claims against the government defendants on abstention grounds or grants a stay of those claims, then this Court should either decline to exercise supplemental jurisdiction over the state claims against the Media Defendants or allow those claims to proceed at this time because the "concerns regarding the on-going investigation in the criminal proceedings involving Plaintiff in state court do not apply to or affect the Newspaper Defendants and Plaintiff's claims against these Defendants in any way."   (ECF No. 27 at 3.)

Dalal filed a brief opposing the motions to dismiss filed by Defendants, and a supplementary letter brief.   (ECF Nos. 28, 29.)   Dalal argues that *Younger* abstention is not proper in this case because his pleadings do not seek "relief that, if granted, would restrain or directly interfere with state criminal proceedings" or otherwise intrude upon state enforcement of criminal laws.   (ECF No. 28-1 at 7.)   Dalal also argues that this Court should deny a stay.   First, he argues that a stay is premature because the individual government Defendants have not filed an answer and nothing prevents them from, at a later point, seeking a narrower stay or a protective order.   Second, Dalal argues that a stay pending the outcome of the criminal case is inappropriate because, "[w]ere the Court to stay this matter simply because criminal proceedings are ongoing, law enforcement officials in New Jersey would be given a clear incentive to prolong and delay

---

[3] The next day, the Attorney General filed what appears to be the same motion.   (ECF No. 22.)

investigations and prosecutions, in which civil rights violations may have occurred, in order to gain an unfair advantage."   *Id.* at 12.   Finally, Dalal argues that, if this Court grants a stay of the federal claims against the government Defendants, this Court should allow the claims against the Media Defendants to proceed at this time in this Court, since litigation of the claims against the Media Defendants would not interfere with the litigation of the underlying criminal proceeding, "however interconnected" the claims against the Media Defendants may be with the federal claims.   (ECF No. 29 at 2.)

Defendants argue that this Court should dismiss Dalal's case on abstention grounds pursuant to the holding of *Younger v. Harris,* 401 U.S. 37 (1971).   In that case, after Harris was indicted for violation of the California Criminal Syndicalism Act, he filed a complaint under § 1983 in the District Court seeking to enjoin Younger, the District Attorney of Los Angeles County, from prosecuting him in the California courts, and alleging that the prosecution inhibited him in the exercise of his First Amendment rights of free speech and press.   *Id.* at 38.   A three-judge District Court determined that it had jurisdiction to restrain the District Attorney from prosecuting Harris, found the California Criminal Syndicalism Act void for vagueness and overbreadth in violation of the First and Fourteenth Amendments, and restrained further prosecution of the pending state criminal case against Harris.   The Supreme Court "concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances," and that declaratory relief is "also improper when a prosecution involving the challenged statute is pending in state court at the time the federal suit is initiated."   *Id.* at 41 and n.2.   The *Younger* Court explained that, "[s]ince

13

the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Id.* at 43. The Court noted that the source of the longstanding public policy against federal court interference with state criminal proceedings is "the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43-44.   The Court explained that the policy was reinforced by the notion of comity, "that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44, 45.

Last year, in vacating a dismissal based on *Younger,* the Supreme Court emphasized that federal courts "have 'no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'" *Sprint Communications, Inc., v. Jacobs,* 134 S.Ct. 584, 590 (2013) (quoting *Cohens v. Virginia,* 6 Wheat. 264, 404 (1821)).   The *Sprint* Court applied the "general rule" that "'[t]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction,'" *id.* at 588 (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) and *McClellan v. Carland,* 217 U.S. 268, 282 (1910)), and observed that *Younger* is an exception to the general rule. The Court outlined the *Younger* exception as follows:   "When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Communications, Inc.,* 134 S.Ct. at 588.   The Court rejected the notion that *Younger* abstention

was warranted simply where there is an ongoing state judicial proceeding which implicates important state interests and provides an adequate opportunity to raise federal challenges. *See also ACRA Turf Club, LLC v. Zanzuccki*, ____ F.3d ____, 2014 WL 1272859 *6 (3d Cir. Mar. 31, 2014) (reversing order dismissing complaint on *Younger* abstention grounds, as "there is no doctrine that the availability or even the pendency of state judicial proceedings excludes the federal courts.") (quoting *New Orleans Public Service, Inc. v. Council of the City of New Orleans (NOPSI)*, 491 U.S. 350, 373 (1989)).

The Supreme Court's decision in *Quackenbush v. Allstate Insurance Co.,* 517 U.S. 706 (1996), confirms that the dismissal of Dalal's damages claims on abstention principles is not permitted.  In *Quackenbush,* the California Insurance Commissioner filed a state court action seeking contract and tort damages for Allstate's alleged breach of certain reinsurance agreements, as well as a declaration of Allstate's obligations under those agreements.  Defendant Allstate Insurance Company removed the action to federal court on diversity grounds and filed a motion to compel arbitration under the Federal Arbitration Act.  The District Court granted the Commissioner's motion to remand to state court, finding that abstention was warranted under *Burford v. Sun Oil Co,* 319 U.S. 315 (1943), because resolution of the case might interfere with California's regulation of the assets of the defunct Mission Insurance Company and its affiliates.  The Ninth Circuit reversed on the ground that federal courts can abstain only when the relief sought is equitable in nature.  The Supreme Court affirmed on a rationale that slightly differed from the *per se* rule adopted by the Ninth Circuit.   Noting that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress," *Quackenbush,* 517 U.S. at 716, the Court observed that, "[i]n those cases in which we have applied traditional abstention

15

principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether." *Id.* at 730 (citation and internal quotation marks omitted). The Court explained that, "[u]nlike the outright dismissal or remand of a federal suit . . , an order merely staying the action does not constitute abnegation of judicial duty. On the contrary, it is a wise and productive discharge of it. There is only postponement of decision for its best fruition." *Id.* at 721 (citation and internal quotation marks omitted). The Court determined that, while the *per se* rule described by the Ninth Circuit was "more rigid than our precedents require," and a "stay order might have been appropriate," the remand order entered by the District Court was inappropriate because this was an action for damages and "federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Id.* at 730-731.

In this case, the Defendants do not (and cannot) argue that Dalal is seeking to enjoin his state criminal prosecution because Dalal seeks only damages and general unspecified declaratory and injunctive relief. This Court agrees with Dalal that the general rule, rather than the *Younger* exception, applies in his case. This Court will, accordingly, deny the Defendants' motions to dismiss the Complaint, as amended, on the basis of *Younger* abstention. *See Quackenbush,* 517 U.S. at 731; *see also Addiction Specialists, Inc., v. Township of Hampton,* 411 F.3d 399 (3d Cir. 2005) (where state proceeding brought by operator of methadone clinic challenging township's zoning decision was pending at the time the operator filed its § 1983 action in federal court seeking damages and an injunction enjoining the Township's alleged selective enforcement of the zoning

16

ordinance, the Third Circuit reversed order which had dismissed the federal action pursuant to *Younger* and remanded for consideration of a stay to avoid friction between the federal and state courts).

D.      Motion for Stay Pending the Final Outcome of Criminal Proceedings

As an alternative to dismissal under *Younger*, the individual government Defendants ask for a stay pending the outcome of the state criminal prosecution against Dalal.   Relying on *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F. Supp. 2d 523 (D.N.J. 1998), Defendants argue that a stay is warranted because the constitutional issues Dalal asserts in his federal case will be determined by the state courts in the criminal proceeding, discovery in this civil case may circumvent the limitations of criminal discovery, "denying a stay could burden the government's investigation and prosecution in the ongoing criminal matter," a stay has the potential of narrowing issues and streamlining the federal proceeding, and the "public interest in a criminal case is entitled to precedence over a civil litigant's claims."   (Brief, ECF No. 22-1 at 13-14.)   As explained above, the Media Defendants argue that, if this Court grants Defendants' motion for a stay, then this Court should either decline supplemental jurisdiction or allow the state law claims against the Media Defendants to proceed at this time.

Dalal argues that this Court should deny the motion for a stay because it has a "virtually unflagging obligation to refuse to postpone the exercise of its jurisdiction," and because granting a stay will give law enforcement officials a clear incentive to prolong and delay investigations and prosecutions, in which civil rights violations may have occurred, in order to gain an unfair advantage, and because the denial of a stay at this time does not preclude Defendants from seeking a narrower stay or a protective order, after the filing of an answer.   (ECF No. 28-1 at 12.)   Dalal

further argues that, if this Court determines that a stay is warranted, then "it should still allow the claims against the [Media] Defendants, however interconnected as they may be [with the federal claims], to move forward as no interference with state proceedings can be contemplated." (ECF No. 29 at 2.)

This Court's determination of the motion for a stay is governed primarily by *Deakins v. Monaghan,* 798 F.2d 632 (3d Cir. 1986), *aff'd in part, vacated in part, and remanded,* 484 U.S. 193 (1988). In that case, Monaghan filed a federal complaint alleging that on October 5, 1984, after threatening to focus a state criminal investigation on Monaghan and his business if he failed to cooperate, Deakins and other law enforcement officers searched Monaghan's business for nearly eight hours, detained Monaghan, and seized cartons of documents pursuant to a search warrant. Monaghan maintained that the search violated the Fourth Amendment and was a pretext designed to coerce Monaghan into cooperating in an investigation. Monaghan sought return of the seized documents and damages pursuant to § 1983. The District Court granted the defendants' motion to dismiss the damages claims, finding that abstention was warranted because of the ongoing state grand jury proceeding, even though no indictment had been issued against Monaghan. The Third Circuit reversed the dismissal of the claim for damages because "[i]t is settled in this circuit that a district court, when abstaining from adjudicating a claim for injunctive relief, should stay and not dismiss accompanying claims for damages and attorney fees when such relief is not available from the ongoing state proceedings." 798 F.2d at 635. The Third Circuit also held that the district court had erred in abstaining on Monaghan's request for the return of the seized property because, at the time of the filing of the federal complaint, "no state judicial proceeding in which they could have adjudicated their constitutional claim for return of the seized

property was pending." *Id.* at 638.  The Third Circuit affirmed the denial of a preliminary injunction on the ground that plaintiffs did not show a likelihood of success on the merits or irreparable harm.  *Id.* at 639.

The Supreme Court vacated that portion of the Third Circuit's judgment concerning the claims for injunctive relief seeking the return of the seized property because the claims were moot, and affirmed the portion of the Court of Appeals' judgment reversing the District Court's dismissal of the claims for monetary relief.  The Supreme Court did "not decide the extent to which the *Younger* doctrine applies to a federal action seeking only monetary relief . . . because even if the *Younger* doctrine requires abstention here, the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Deakins,* 484 U.S. at 202 (footnote omitted).  The Supreme Court explained its reasoning as follows:

> In reversing the District Court's dismissal of the claims for damages and attorney's fees, the Court of Appeals applied the Third Circuit rule that requires a District Court to stay rather than dismiss claims that are not cognizable in the parallel state proceeding.  The Third Circuit rule is sound.  It allows a parallel state proceeding to go forward without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists.

*Deakins,* 484 U.S. at 202-203 (citations, internal quotation marks, and footnotes omitted).

In *Wallace v. Kato,* 549 U.S. 384 (2007), the Supreme Court confirmed in dicta the soundness of the *Deakins* stay rule where a defendant in a pending state criminal prosecution files a claim under § 1983 for damages based on Fourth Amendment violations.  In that case, plaintiff filed a § 1983 complaint on April 2, 2003, seeking damages arising from his arrest in 1994, allegedly without probable cause, for murder.  The Seventh Circuit affirmed the order granting

summary judgment to defendants on the ground that the action was time barred because the Fourth Amendment cause of action accrued at the time of the arrest, not when the conviction was set aside in 2002. The Supreme Court affirmed, holding that the *Heck v. Humphrey,* 512 U.S. 477 (1994), rule of deferred accrual did not apply and "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process," *i.e.*, when he appeared before the examining magistrate and was bound over for trial. *Id.* at 397. In dicta, citing *Quackenbush,* the Court explained that, "[i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94.

Moreover, the Third Circuit and this Court have consistently held that a § 1983 damages claim for alleged Fourth Amendment violations should be stayed where the constitutional issues are likely to be litigated in a parallel pending state criminal prosecution. *See Linnen v. Armanis,* 991 F.2d 1102, 1103 (3d Cir. 1993) (holding that the District Court incorrectly decided that Linnen's guilty plea to possession of drugs precluded his § 1983 action for violation of his Fourth and Fourteenth Amendment challenge to the constitutionality of the search producing evidence, and remanding for entry of a stay pending final resolution of Linnen's post-conviction relief proceeding wherein he claimed that counsel was constitutionally ineffective in inducing him to plead guilty and failing to challenge the constitutionality of the search and seizure, and finding that entry of a stay will "avoid unnecessary conflict with a final decision of a state court that may affect

20

the constitutional question"); *Williams v. Hepting,* 844 F.2d 138, 143-44 (3d Cir. 1988) (reversing dismissal of state criminal defendant's § 1983 damage claims asserting failure to properly investigate criminal case, falsification and concealment of evidence, and suggestive pretrial identification, and remanding, pursuant to *Deakins*, for entry of stay pending the outcome of direct criminal appeal); *Bailey v. Ness,* 733 F.2d 279, 283 (3d Cir. 1984) (reversing dismissal of § 1983 damage claims against prosecutor based on prosecutor's pretrial statements to the media concerning plaintiff, prosecutor's failure to carry out a plea bargain, and prosecutor's participation in improper contact between a police officer and plaintiff, and holding that, where direct appeal of the state conviction was pending, the federal action should have been stayed pending the final resolution of criminal appeals because "[a] dismissal of a party's suit, even without prejudice, simply does not protect the party from a statute of limitations problem"); *Scheffler v. New Jersey,* Civ. No. 13-3259 (ES), 2014 WL 562969 (D.N.J. Feb. 10, 2014) (staying § 1983 damages action alleging that defendants arrested plaintiff without probable cause based on false statements made in application for arrest warrant, pending the completion of state criminal proceeding); *Castro v. Perth Amboy Police Dept.,* Civ. No. 13-3376 (MAS), 2014 WL 229301 (D.N.J. Jan. 21, 2014) (staying § 1983 damages action challenging on Fourth Amendment grounds warrantless entry, search and seizure at plaintiff's residence and seizure pending final resolution of criminal case against plaintiff); *Rodwell v. Weaver,* Civ. No. 12-0989 (KM), 2012 WL 4955249 (D.N.J. Oct. 10, 2012) (staying § 1983 claim pending the outcome of state criminal proceeding where plaintiff claimed that police illegally stopped plaintiff's vehicle, detained him without probable cause, and performed illegal entry, search and seizure of plaintiff's apartment, pending the outcome of

criminal proceeding charging plaintiff with violations stemming from contraband seized from plaintiff's apartment).[4]

A stay of this case pending the final outcome of the criminal proceedings against Dalal will allow the criminal proceeding to proceed "without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists." *Deakins,* 484 U.S. at 202-203 (citations and internal quotation marks omitted).   This Court will, therefore, stay Dalal's federal case pending the final outcome of the criminal proceedings.   This Court rejects the option of a partial stay of only the claims against the individual government Defendants.   The claims against the Media Defendants are based, to a large extent, on the allegedly false and defamatory statements made by various government Defendants, including the Bergen County Prosecutor.   Thus, the truth or falsity of those statements will be factual issues in the § 1983 claims against the government defendants, as well as the state claims against the Media Defendants.   Given this interconnectedness, it would entail a waste of judicial resources, and potentially result in unnecessary friction between this Court and the New Jersey courts, if this Court were to allow the claims against the Media Defendants to proceed separately.   This Court will stay the entire federal case.   *Cf. Deakins,* 484 U.S. at 204 (affirming stay of § 1983 damage claims, as well as claims arising under state law, and noting that, "[w]hen the federal proceeding

---

[4] Other circuits have also approved stays in similar circumstances.   *See Simpson v. Rowan,* 73 F.3d 134, 139 (7th Cir. 1996) (reversing dismissal of § 1983 suit against police and prosecutor's seeking damages for illegal arrest and search, and remanding for entry of stay); *Lewis v. Beddingfield,* 20 F.3d 123 (5th Cir. 1994) (holding that District Court properly stayed civil rights damages action alleging that blood and tissue samples were unlawfully taken for use in pending murder trial); *Traverso v. Penn,* 874 F.2d 209 (4th Cir. 1989) (reversing dismissal of § 1983 claims for interrogating plaintiff in violation of *Miranda* and unconstitutional search and seizure, and remanding for stay of claims for monetary, injunctive and declaratory relief pending the final outcome of state criminal prosecution).

recommences in the District Court, [defendants] will be free to argue that the state claims should be dismissed under *Pennhurst [State School and Hospital v. Halderman,* 465 U.S. 89 (1984)").

D.      Motions to Impose Sanctions and to Disqualify Counsel

As the case is being stayed, this Court will not rule on Dalal's motions for the imposition of sanctions and to disqualify the State Attorney General's Office until the case recommences.

### III.   CONCLUSION

For the reasons set forth in this Opinion, this Court will grant Dalal's motion to file the Complaint docketed in Civil Number 14-1333 (WJM) as a Second Amended Complaint in Civil Number 13-1257 (WJM), dismiss all § 1983 claims in the Second Amended Complaint against Bergen County, grant Defendants' motions to stay this case pending the entry of a final judgment in the related state criminal prosecutions against Dalal, and decline to rule on Dalal's remaining motions (motion for sanctions and motion to disqualify the New Jersey Attorney General) until the case recommences.

William J. Martini

_____

**WILLIAM J. MARTINI, U.S.D.J.**

DATED: June 13, 2014

23